1:25-cr-00120
Judge Sara L. Ellis
Magistrate Judge M. David Weisman
Random/Cat. 3



FILED
3/4/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BI

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| v. | ) | Violation: Title 18, United States |
| | ) | Code, Section 1343 |
| RALPH ROGERS III, | ) | |
| also known as "Tres Rogers" | ) | |

**COUNT ONE**

The SPECIAL MAY 2024 GRAND JURY charges:

1. At times material to this Indictment:

　　a. Defendant RALPH ROGERS III, also known as "Tres Rogers," was a resident of Batavia, Illinois. ROGERS held himself out as a business entrepreneur and investment advisor.

　　b. Defendant ROGERS maintained multiple banking and financial accounts, including a Venmo account number ****5679 with associated username of "tres-rogers-10"; a Venmo account number ****3595 with associated username "traininghub38"; an Apple Pay account number ************5244 with associated phone number ***-***-4026; a Zelle account with profile ID number *****3911 with associated with phone number ***-***-4026; and a Zelle account with profile ID number *****0774 with associated email address Ironman383838@icloud.com.

2. Beginning no later than in or around October 2021 and continuing until in or around September 2023, at Batavia, in the Northern District of Illinois, Eastern Division, and elsewhere,

RALPH ROGERS III,
also known as "Tres Rogers,"

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property from individuals by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that defendant ROGERS fraudulently obtained funds from multiple individuals located throughout the United States by falsely promising those individuals that defendant would invest the money in certain business opportunities, when, in fact, defendant intended to and did use the money for other purposes, including for his own personal benefit.

4. It was further part of the scheme that defendant ROGERS misrepresented his financial success and professional connections, as well as the success and value of his purported business ventures, in order to fraudulently induce prospective investors to invest with defendant and allow defendant to retain their funds.

5. It was further part of the scheme that defendant ROGERS falsely represented to prospective investors that he was aware of valuable investment opportunities, including in resin and other materials used to make a car manufacturer's vehicle components, fiber optic cable installation, copper piping, and a physical fitness recovery studio, when, in fact, no such opportunities existed.

6. It was further part of the scheme that defendant ROGERS fraudulently caused prospective investors to provide defendant with money for purported

investment opportunities, and to electronically transfer money from their accounts to accounts which defendant controlled, including via Venmo, Apple Pay, and Zelle, when defendant knew the investment opportunities as described to the prospective investors did not exist.

7. It was further part of the scheme that defendant ROGERS sometimes instructed prospective investors to describe the electronic transfer of money to defendant as a "loan" in order to conceal the nature of their financial transaction with defendant.

8. It was further part of the scheme that, instead of investing the prospective investors' funds as he had fraudulently promised, defendant ROGERS used prospective investors' funds for defendant's own personal benefit, including for travel, hotel rooms, jewelry, apparel, and gym fees.

9. It was further part of the scheme that defendant ROGERS falsely misrepresented to prospective investors what defendant had done with their money, including whether their money had been invested and how their money had been invested or used.

10. It was further part of the scheme that defendant ROGERS lulled certain victims by falsely telling them to be patient as investment returns were forthcoming, when defendant knew he had not invested the funds and knew that the reason he could not pay the prospective investors back was because he had spent their funds.

11. It was further part of the scheme that defendant ROGERS lulled certain victims by providing them with funds ROGERS received from later investors,

fraudulently causing them to believe that they were receiving a return on their purported investments.

13. It was further part of the scheme that defendant lulled investors by fraudulently exaggerating his efforts to recoup investor money, including by making false statements about new potential business deals, new business creations, purported initial public offerings, and his purported access to funds in a trust that was held for his benefit.

13. It was further part of the scheme that defendant ROGERS misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the scheme, the purposes of the scheme, and acts done in furtherance of the scheme.

14. On or about February 16, 2022, at Batavia, in the Northern District of Illinois, Eastern Division, and elsewhere,

RALPH ROGERS III
also known as Tres Rogers,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $500 from Victim R.S. in Batavia, Illinois, using Apple Pay account number ************0414 to defendant using an Apple Pay account number ************5244, which transfer was processed through servers located outside of Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL MAY 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One are incorporated here.

2. On or about August 31, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

RALPH ROGERS III
also known as Tres Rogers,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $350 from Victim S.I. in St. Paul, Minnesota, using an Apple Pay Account ************3450 to defendant using an Apple Pay Account ************5244, through servers located outside the state of Minnesota;

In violation of Title 18, United States Code, Section 1343.

## **COUNT THREE**

The SPECIAL MAY 2024 GRAND JURY further charges:

1. The allegations in paragraph 1 through 13 of Count One are incorporated here.

2. On or about August 8, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

RALPH ROGERS III
also known as Tres Rogers,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $1000 from Victim H.S. in St. Paul, Minnesota, using Venmo account number ****6454 to defendant using Venmo account number ****5679, through a Venmo server located outside the state of Minnesota;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL MAY 2024 GRAND JURY further charges

1. The allegations in paragraph 1 through 13 of Count One are incorporated here.

2. On or about October 25, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

RALPH ROGERS III
also known as Tres Rogers,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $1000 from Victim C.H. in Geneva, Illinois, using Venmo account number ****7499 to defendant using Venmo account number ****5679, through a Venmo server located outside the state of Illinois;

In violation of Title 18, United States Code, Section 1343.

## **COUNT FIVE**

The SPECIAL MAY 2024 GRAND JURY further charges:

1. The allegations in paragraph 1 through 13 of Count One are incorporated here.

2. On or about December 2, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

RALPH ROGERS III
also known as Tres Rogers,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $4000 from Victim B.B. in Geneva, Illinois, using Venmo account ****7531 to defendant using Venmo account number ****5679, through a Venmo server located outside the state of Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL MAY 2024 GRAND JURY further charges:

1. The allegations in paragraph 1 through 13 of Count One are incorporated here.

2. On or about December 27, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

RALPH ROGERS III
also known as Tres Rogers,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $900 from Victim M.K. in Denver, Colorado, using Venmo account ****9861 to defendant using Venmo account number ****5679, through a Venmo server located outside the state of Colorado;

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY